UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUAN PUIG, on behalf of himself
and others similarly situated,

        Plaintiff,                                   **COMPLAINT**

        v.                                          Case No.:

The CITY OF NEW YORK, the
DEPARTMENT OF EDUCATION OF THE
CITY OF NEW YORK, and NYC SCHOOL
SUPPORT SERVICES, INC.

        Defendants.
----------------------------------------------------------X

Juan Puig ("plaintiff") on behalf of himself and all others similarly situated, alleges as follows:

1. Plaintiff, on behalf of himself and all others similarly situated, brings this lawsuit seeking recovery against defendants for defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and alleges that he is entitled to recover from defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff, on behalf of himself and all others similarly situated, further bring this lawsuit seeking recovery against defendants for defendants' violations of the New York Labor Law, Art. 6, § 190 *et. seq.*, and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. §§ 142, 143 (collectively "NYLL").

3. Plaintiff retained the Law Office of Brian L. Greben to represent plaintiff, FLSA collective plaintiff and class members in this litigation, and have agreed to pay the firm a reasonable fee for its services.

4. Plaintiff's consent to sue forms are attached hereto as Exhibit "1."

1

## JURISDICTION AND VENUE

5. The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the district because defendants conduct business in the district, and the acts and/or omissions giving rise to the claims herein alleged took place in the district.

## THE PARTIES

7. Plaintiff Juan Puig is a resident of New Windsor, New York.

8. Defendant City of New York ("NYC") is, *inter alia*, an entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Sections 3(d) and (x) of the FLSA, 29 U.S.C. § 203 (d) and (x). NYC has a principal office and place of business located at City Hall, New York, New York 10007 and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, New York, 10007.

9. Defendant Department of Education ("DOE") is a body established pursuant to New York State Education Law §§ 2590-b and 2590-g, and is, *inter alia,* an entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Sections 3(d) and (x) of the FLSA, 29 U.S.C. § 203 (d) and (x). The DOE has a principal office and place of business located at the Tweed Courthouse, 52 Chambers Street, New York, New York 10007 and may be served with process by serving the Office of the General Counsel of the DOE, 52 Chambers Street, New York, New York, 10007, and the Office of Corporation Counsel, 100 Church Street, New York, New York, 10007.

10. Defendant NYC School Support Services, Inc. ("NYCSSS") is a Domestic Not-For-Profit Corporation with a main office located in New York, New York. NYCSSS provides custodial support and other centralized services to NYC public schools. NYCSSS has a principal office and place of business, and may be served with process, at 321 W 44th St, New York, New York, 10036.

11. At all relevant times, defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

12. At all relevant times, defendants have employed "employee[s]," including plaintiff, the FLSA collective plaintiff and class members, and those similarly situated under the FLSA and New York Labor Law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff brings and seeks to prosecute his FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by defendants, including all employees who are or were formerly employed by defendants as "cleaners," "firepersons," "handypersons," "stationary engineers," (collectively, "custodians") and/or other similarly situated current and former employees holding comparable positions, but different titles ("FLSA collective plaintiff"), at any time on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Collective Action Period").

14. At all relevant times, plaintiff and the other FLSA collective plaintiff is and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules, including willfully failing and

3

refusing to pay plaintiff and the other FLSA collective plaintiff one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek.  The claims of plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The FLSA Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b).

16. The FLSA Collective Plaintiff is readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the defendants. Notice can be provided to the FLSA Collective Plaintiff via first class mail to the last address known to defendants.

**RULE 23 CLASS ALLEGATIONS - NEW YORK**

17. Plaintiff brings New York State law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by defendants, including all employees who are or were formerly employed by defendants as custodians and/or other similarly situated current and former employees holding comparable positions, but different titles, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the class members are determinable from the records of defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

19. The proposed Class is so numerous that joinder of all Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the court.  Although the

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are more than two hundred (200) Members of the Class.

20. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the class members were subject to the same practices of defendants, as alleged herein, including willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek. Defendants' policies and practices affected all class members similarly, and defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by an attorney who is experienced and competent in both Class action litigation and employment litigation and has previously represented clients in wage and hour cases.

22. A Class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to a Class action analysis, the expenses and burden of individual

litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a Class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a Class action would result in a significant saving of these costs. The prosecution of separate actions by individual Members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, Class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a Class action.

23. Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

> (a) Whether defendants properly compensated plaintiff and class members for overtime by paying them the proper amount of overtime for the hours worked in excess of forty (40) hours per workweek within the meaning of

NYLL Article 19, § *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(b) Whether defendants willfully failed to compensate plaintiff and class members for overtime by paying them the proper amount of overtime for the hours worked in excess of forty (40) hours per workweek within the meaning of NYLL Article 19, § *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

(c) The nature and extent of the class-wide injury and the appropriate measure of damages for the Class; and

(d) Whether defendants can prove that their unlawful policies were implemented in good faith.

**FACTS**

25. Plaintiff Juan Puig was hired by defendants in 1999, and has been continuously employed by defendants since that time. He has worked as a custodian at several New York City public schools, including, *inter alia,* X181, 800 Baychester Ave, Bronx, NY 10475; X114, 1155 Cromell Ave., Bronx, NY 10452; X076, 900 Adee Ave., Bronx, NY 10469; and X107, 1695 Seward Ave, Bronx, NY 10473.

26. Mr. Puig, like other NYC school custodians, was given various titles throughout his career. The different job titles determine the title-bearer's compensation, although school custodians' job duties do not vary much from one title to another.

27. The work that plaintiff performed for defendants, regardless of his title, primarily included:

(a) emptying trash cans;

(b) washing trash cans;

(c) removing chewing gum;

(d) sweeping;

(e) mopping;

(f) cleaning sinks and water fountains;

(g) vacuuming rugs;

(h) replacing lamps in classrooms, offices and corridors;

(i) cleaning glass in classrooms and exit doors;

(j) cleaning window sills and "kick plates";

(k) dusting;

(l) cleaning and sanitizing all bathrooms, including walls, stalls, bowls, seats, sinks and floor;

(m) restocking toilet paper, soap and paper towels;

(n) polishing metallic surfaces;

(o) removing graffiti;

(p) cleaning mirrors;

(q) removing marks, smudges and graffiti from tile and painted surfaces;

(r) buffing floors;

(s) opening buildings and starting heating plant;

(t) monitoring HVAC unit;

(u) turning on lights;

(v) unlocking exterior doors;

(w) testing air, fire and intrusion alarms;

(x) testing sprinkler systems;

(y) filling out forms according to boiler reading and outside temperature;

      (z)      clearing outside area and play yard area daily;

      (aa)      weeding and trimming bushes;

      (bb)      washing outside area;

      (cc)      restocking bathrooms;

      (dd)      spot checking for any unsanitary hazards;

      (ee)      organizing supplies, taking inventory, reporting any needed material;

      (ff)      performing any necessary preventive maintenance to equipment;

      (gg)      clearing roof area;

      (hh)      greasing and oiling motors and fans; and

      (ii)      cleaning boiler tubes, boiler interior, tees, breechings and all accessible areas of the boiler.

28. Mr. Puig was promoted from the job title "Fireperson" to "Stationary Engineer" effective January 2020.

29. As a Stationary Engineer, Mr. Puig was entitled to be paid a regular hourly rate of forty three dollars and eighty five cents ($43.85) per hour in 2020; forty five dollars and seventeen cents ($45.17) per hour in 2021; forty six dollars and fifty three cents ($46.53) per hour in 2022; and forty eight dollars and thirty nine cents ($48.39) per hour in 2023.

30. As a Stationary Engineer, Mr. Puig was entitled to be paid an overtime rate of sixty five dollars and seventy six cents ($65.76) per hour in 2020; sixty seven dollars and seventy sixty cents ($67.76) per hour in 2021; sixty nine dollars and eighty cents ($69.80) per hour in 2022; and seventy two dollars and fifty nine cents ($72.59) per hour in 2023.

31. Mr. Puig worked five, six or seven days a week for defendants at various schools including, but not limited to, those listed in paragraph 25, above. His hours varied, but he always worked over – often much over – fifty (50) hours per week

32. Plaintiff has access to his pay records from the years 2021 through the present; defendants' system does not allow plaintiff access to his payroll records from 2020 and earlier. The records from 2021 through the present confirm that plaintiff worked overtime nearly every week of his employment.

33. Mr. Puig's pay records reveal that he worked over forty hours per week nearly every week of his employment with defendants, and that his overtime hours between 2021 and September 2023 varied from a low of 39 hours to a high of 171 hours per two week period – i.e., between 19.5 and 85.5 per week. *See* the Spreadsheet annexed hereto as Exhibit "2."

34. Between 2021 and 2023, Mr. Puig worked an average of 105.93 hours of overtime hours (weekly hours worked after he had already completed forty hours per week) per two week period – i.e., an average of 52.965 overtime hours per week. Exhibit "2."

35. Plaintiff does not have access to his hour totals for 2020, but believes that they are similar to 2021, 2022, and 2023.

36. Defendants have unlawfully failed to pay plaintiff the proper overtime rate to which he was entitled for all of the overtime hours he worked between 2020 and 2023.

37. Between 2020 and 2023, defendants consistently paid Mr. Puig the proper overtime rate *only* for work that he did at X181. Defendants paid inconsistent overtime rates that were usually below the minimum required based on Mr. Puig's regular hourly rate for work he performed at X114, X076, and X107.

38. Although Mr. Puig was entitled to an overtime rate of $67.76 per hour in 2021, defendants often unlawfully paid Mr. Puig overtime rates of $51.23 or $52.76 per hour for overtime work he performed at X114, X076, and X107 during 2021.

39. Although Mr. Puig was entitled to an overtime rate of $69.80 per hour in 2022, defendants often unlawfully paid Mr. Puig an overtime rate of $54.35 per hour for overtime

10

work he performed at X114, X076, and X107 during 2022.

40. Although Mr. Puig was entitled to an overtime rate of $72.59 per hour in 2023, defendants often unlawfully paid Mr. Puig an overtime rate of $56.52 per hour for overtime work he performed at X114, X076, and X107 during 2023.

41. Plaintiff believes there are at least fifty (50) similarly situated employees to whom defendants unlawfully failed to pay the proper overtime at a rate for overtime performed at schools throughout New York City.

42. Defendants knowingly and willfully operated their business with a policy of not paying overtime at a rate of 1.5 times each employee's regular hourly rate to plaintiff, FLSA collective plaintiff, and class members.

43. At all times while working for defendants, plaintiff's primary duties were manual in nature, and manual duties occupied the majority of their working hours.

44. At no time has plaintiff's job duties included hiring or firing other employees.

45. At no time has plaintiff had the power to discipline other employees.

46. At no time has plaintiff's duties differed substantially from defendants' non-exempt hourly paid employees.

47. At no time has plaintiff exercised a meaningful degree of independent discretion with respect to the exercise of his duties.

## FIRST CLAIM FOR RELIEF

(FLSA Overtime Violations, 29 U.S.C. § 201, et seq. Brought by
Plaintiff on Behalf of Himself, the FLSA Collective Plaintiff and Class Members)

48. Plaintiff realleges and incorporates by reference all previous paragraphs.

49. Throughout the statute of limitations period covered by these claims, plaintiff, the FLSA collective plaintiff and class members regularly worked in excess of forty (40) hours per workweek.

50. At all relevant times, defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay plaintiff, FLSA collective plaintiff and class members at one-and-one-half times their regular hourly rates for work in excess of forty (40) hours per workweek, even though plaintiff, the FLSA collective plaintiff and class members were entitled to overtime.

51. At all relevant times, defendants willfully, regularly and repeatedly failed to pay plaintiff, the FLSA collective plaintiffs and class members at the required overtime rates of at least one-and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

52. Plaintiff, on behalf of himself, the FLSA collective plaintiff and class members, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre-and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

(New York Overtime Violations, N.Y. Lab. L.
§ 650 et seq., N.Y. Comp. Codes R. & Regs. § 142 et seq.,
Brought by Plaintiff, the FLSA Collective Plaintiff and Class Members)

53. Plaintiff realleges and incorporates by reference all previous paragraphs.

54. At all relevant times, plaintiff was an employee and defendants were employers within the meaning of the NYLL.

55. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendants.

56. It is unlawful under New York law for employers to suffer or permit a non-

exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

57. Throughout the class period, defendants willfully, regularly and repeatedly failed to pay plaintiff, the FLSA collective plaintiff and class members at the required overtime rates, one-and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

58. By failing to pay plaintiff and the class members overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, the regulations in 12 N.Y.C.R.R. §§ 142, 143.

59. As a result of defendants' willful and unlawful conduct, plaintiff, the FLSA collective plaintiff and class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiff and Members of the Class, prays for relief as follows:

    A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiff and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Members of the FLSA opt-in Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B. Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

C.  Designation of this action as a Class action pursuant to F.R.C.P. 23;

D.  Designation of Plaintiff as representative of the Class;

E.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.  Penalties available under applicable laws;

G.  Costs of action incurred herein, including expert fees;

H.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I.  Pre-Judgment and post-judgment interest, as provided by law; and

J.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands jury trial on all causes of action and claims with respect to which he has a right.

Dated: Great Neck, New York
October 3, 2023

LAW OFFICE OF BRIAN L. GREBEN

/s/ Brian L. Greben
_____
Brian L. Greben
Attorneys for Plaintiff
JUAN PUIG
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357

14