UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Juan Puig,

                        Plaintiff,

       -against-

City of New York, et al.,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/1/2024

1:23-cv-08674 (GHW) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Following a telephone conference today (*see* 2/16/24 Order, ECF No. 23), during which only counsel for Plaintiff appeared,[1] and for the reasons stated on the record, it is hereby ORDERED, as follows:

1. Because the Court should "freely give leave" to amend pleadings pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and because the Court has found that "justice so requires," Plaintiff hereby is granted leave to file the Amended Complaint that previously was filed at ECF No. 18. Plaintiff shall file such Amended Complaint no later than Monday, March 4, 2024.

2. Defendants hereby are granted leave to file their motion to compel arbitration and, in the alternative, to dismiss in part (*see* Defs.' 2/1/24 Ltr., ECF No. 15, at 1, 3), with one *proviso*. Because Plaintiff contends in his Amended Complaint that the union refused to allow

---

[1] Following today's conference, counsel for Defendants called Chambers and stated that the reason for his failure to appear was because he mistakenly believed the conference was scheduled to proceed in-person, such that he appeared at Courtroom 11C of 500 Pearl Street, New York, New York, 10007, as opposed to via Microsoft Teams, as indicated in the Order scheduling today's conference. (*See* 2/16/24 Order.) Counsel for Defendants indicated to Chambers that he conferred with counsel for Plaintiff, who apprised him of what took place during today's conference.

him to file a grievance and initiate arbitration proceeding against Defendants (*see* Am. Compl. ¶¶ 49-51), prior to filing their motion, Defendants shall assure themselves that the collective bargaining agreement (the "CBA") permits Plaintiff to file a grievance, and arbitrate such grievance, as needed, even if the union declines to do so. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90 (2000) (finding arbitration of statutory claims permissible so long as prospective litigant effectively may vindicate statutory claims in arbitral forum).

3. If Defendants believe that the CBA permits Plaintiff to file a grievance and arbitrate such grievance, then Defendants shall file their motion no later than March 18, 2024, referring the Court to the relevant provisions of the CBA. Such motion shall annex as an exhibit, among any other appropriate exhibits, a full and complete copy of the CBA. Such motion shall not include the grounds for dismissal argued in Point III (regarding New York Labor Law wage provisions as applicable to Defendant DOE) and Point IV (regarding arguments against the certification of a class or collective action) in Defendants' 2/2/24 Letter. (*See* Defs.' 2/16/24 Reply Ltr., ECF No. 20 (withdrawing these points).)

4. No later than April 8, 2024, Plaintiff shall file his response to Defendants' motion, if any. No later than April 19, 2024, Defendants may file a reply.

**SO ORDERED.**

Dated:   New York, New York
         March 1, 2024

_____
STEWART D. AARON
United States Magistrate Judge